663 A.2d 682

**Clarence HART and Emma Hart**

**v.**

**NATIONWIDE INSURANCE COMPANY, Appellant.**

Supreme Court of Pennsylvania.

Argued April 25, 1995.

Decided Aug. 25, 1995.

Charles W. Craven, Christine M. Brenner, Philadelphia, for Nationwide Ins.

James McEvilly, Jr., Lancaster, for C. & E. Hart.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE and MONTEMURO, JJ.

## ORDER

PER CURIAM:

Order of Superior Court reversed. *See Windrim v. Nationwide Ins. Co.,* 537 Pa. 129, 641 A.2d 1154 (1994).

CAPPY, J., files a dissenting statement.

MONTEMURO, J., is sitting by designation.

CAPPY, Justice, dissenting.

Contrary to the position of the Majority of this Court, I do not believe that the instant matter is governed by this Court's recent decision in *Windrim v. Nationwide Insurance Company,* 537 Pa. 129, 641 A.2d 1154 (1994). Accordingly, I respectfully dissent from the Majority's *per curiam* order.

In the instant matter, Hart sustained serious injuries when the vehicle he owned and operated was struck by a vehicle being driven by an intoxicated individual. Hart recovered the policy limits of $15,000 from the other driver's insurance carrier. At the time of the accident, Hart himself was insured under a policy of insurance issued by Pennsylvania National Insurance Company. Although Hart's insurance policy was in compliance with the law, he had chosen not to purchase uninsured and underinsured motorist coverage in accordance with the amendments to the MVFRL which became effective July 1, 1990.[1] However, Hart's daughter, who resided with Mr. Hart and his wife, was insured under a separate policy of insurance which did provide un/underinsured coverage. Hart thus sought underinsured motorist benefits under his daughter's policy of insurance issued by Nationwide. Nationwide denied coverage on the basis of the following exclusion in the Underinsured section of the Nationwide policy:

This coverage does not apply to:
Bodily injury suffered while occupying a motor vehicle owned by you or a relative but not insured for Underin-

1. Act of February 7, 1990, P.L. 11, No. 6, effective July 1, 1990.

sured Motorists coverage under this policy; nor to bodily injury from being hit by any such motor vehicle.

The matter then proceeded to arbitration following which the arbitrators held that the exclusion was void, awarding Hart $300,000. The Court of Common Pleas subsequently denied Nationwide's Petition to Modify, Vacate or Correct the Arbitrators' decision. On appeal, the Superior Court affirmed also holding that the exclusion was here void as against the public policy of the MVFRL.

The Majority, in its *per curiam* reversal, cites *Windrim, supra,* as the basis for reversing. *Windrim* is, however, factually distinguishable in critical respects. Windrim, who was driving his own registered but *uninsured vehicle* when he was allegedly struck by an unidentified hit-and-run driver was himself in violation of the MVFRL which at the time of that accident required that all owners of registered vehicles carry liability as well as un/underinsured coverage. Windrim, who had no other source of benefits, sought uninsured motorist coverage under a policy issued by Nationwide to Windrim's mother with whom Windrim resided. Nationwide denied coverage based upon an exclusion similar to that at issue in the case *sub judice.* This Court held that the exclusion was there valid, finding that to deny benefits to owners such as Windrim would promote the goals of the MVFRL, one of which is to deter owners from failing to insure their vehicles in compliance with the MVFRL. That decision was, however, explicitly based upon the fact that Windrim was operating his own registered but *uninsured* vehicle at the time of the accident and thus was not in compliance with the MVFRL.

In the case *sub judice,* however, Hart, who was driving his own *insured* vehicle at the time of the accident, was in complete compliance with the MVFRL. He carried the requisite liability coverage, but had declined to purchase un/underinsured coverage as was his option under the MVFRL. Unlike in *Windrim* then, this Court cannot here rely upon the policy embodied in the MVFRL of deterring motorists from failing to insure their vehicles in support of its decision to deny Hart benefits. Moreover, the facts at issue in *Windrim*

did not require consideration of the 1990 amendments to the MVFRL which, in pertinent part, rendered uninsured and underinsured benefits optional.

Furthermore, in *Paylor v. Hartford Insurance Company*, 536 Pa. 583, 640 A.2d 1234 (1994), wherein a similar exclusion was at issue, this Court held that generally such provisions are invalid as against the public policy of the MVFRL but that the enforcement of any such exclusion is dependent upon the specific facts presented. Based upon the facts presented there, we held that a limited exception to this general rule of invalidating such an exclusion exists where, as there, one is attempting to convert underinsured and/or uninsured motorist coverage into liability insurance. *Paylor*, 536 Pa. at 595, 640 A.2d at 1240. More specifically, in *Paylor* this Court held that underinsured benefits were properly denied because the estate of the Paylors, who were involved in a single-vehicle accident in which both of them were killed, was seeking underinsured coverage under additional policies owned by the Paylors themselves, not because an underinsured driver was responsible for the injuries but because the policy covering their own vehicle provided insufficient coverage. Clearly, no such attempted conversion is at issue in the case *sub judice*. Thus, in addition to my first objection with respect to the *Windrim* case, I also believe that, in accordance with *Paylor*, it is incumbent upon this Court to fully analyze the instant matter based upon the unique facts presented.

Accordingly, I must respectfully dissent from the majority's decision to reverse this matter by means of a *per curiam* order.