# Nationwide Mutual Insurance Co. v. Catalfu

C.P. of Erie County, no. 14121-1998.

*John B. Cromer*, for plaintiff.
*Craig Markham*, for defendant.

CUNNINGHAM, *P. J.,* July 14, 2000—The issue before the court is whether Debbie Jo Catalfu can collect underinsured benefits from an automobile policy issued by the plaintiff, Nationwide, to Ms. Catalfu's father, Richard Catalfu. Nationwide seeks enforcement of a "household" or "family car" exclusion barring recovery. In response, Ms. Catalfu contends the household exclusion cannot be enforced because it is void for public policy reasons.

The facts are not in dispute. On February 9, 1995, Ms. Catalfu was injured when the 1991 Hyundai Excel which she owned and was operating was struck from behind by an automobile driven by Terry A. Fitch. Fortunately, Mr. Fitch was insured and Ms. Catalfu settled her claim against Mr. Fitch for the full limits of his automobile liability policy.

Ms. Catalfu then turned to her own insurance policy for additional benefits. Ms. Catalfu had purchased a contract of insurance with the plaintiff which provided underinsurance coverage in the amount of $25,000 per person/$50,000 per accident. Nationwide paid Ms. Catalfu the full amount ($25,000) of underinsured benefits under this policy.

It is undisputed that at the time of the accident, Ms. Catalfu was living with her parents. Further, her father Richard Catalfu, had purchased an insurance policy with Nationwide covering two family vehicles with underinsured benefits in the amount of $15,000 per person/$30,000 per accident. Mr. Catalfu also paid an extra premium for the "stacking" option. Accordingly, the maximum underinsured benefits available are $30,000 per person/$60,000 per accident.

Nationwide concedes Ms. Catalfu is a relative who is insured under Richard Catalfu's policy. However, Nationwide contends that the following contractual language excludes coverage for any underinsured claim by Ms. Catalfu:

"Coverage exclusions

"This coverage does not apply to: . . .

"(6) Bodily injury suffered while occupying a motor vehicle owned by you or a relative but not insured for underinsured motorist coverage under this policy; nor to bodily injury from being hit by any such motor vehicle." See Nationwide endorsement 2358.

Nationwide has filed this declaratory judgment action asserting the household exclusion denies coverage for Ms. Catalfu under her father's policy.[1] Before the court are cross-motions for summary judgment on this issue. Since the facts are not in dispute, the matter is ripe for

---

1. Nationwide initially filed this declaratory judgment action alleging Ms. Catalfu waived any right to stack underinsured benefits because the policy she purchased for the Hyundai Excel waived any stacking. The waiver issue was resolved in favor of Ms. Catalfu by order dated October 11, 1999.

summary judgment. See Pennsylvania Rule of Civil Procedure 1035.2.

In the case sub judice, the interpretation of the insurance contract between Nationwide and Richard Catalfu is not at issue. It is uncontroverted the household exclusion, if enforced, would bar any recovery by Ms. Catalfu. The issue is whether this exclusion violates public policy and therefore should not be enforced.

Pennsylvania courts have been rightfully reluctant to rewrite unambiguous contractual language between parties. *Antanovich v. Allstate Insurance Company*, 507 Pa. 68, 76, 488 A.2d 571, 575 (1985). In essence, a court should only interfere in the contractual relations among parties to prevent action which is clearly against public policy. See *Hall v. Amica Mutual Insurance Company*, 538 Pa. 337, 347, 648 A.2d 755, 760 (1994).

Whether the household exclusion should be rendered unenforceable as against public policy has been the subject of much appellate litigation. According to the Pennsylvania Supreme Court:

"The enforce[ment] of the exclusion is dependent upon the factual circumstances presented in each case." See *Paylor v. Hartford Insurance Company*, 536 Pa. 583, 595, 640 A.2d 1234, 1240 (1994).

In *Paylor*, a husband and wife were killed in a one-car collision involving their motor home. The motor home was insured by Foremost Insurance Company. After recovering benefits from Foremost Insurance Company, the decedents' estate asserted a claim under a policy with Hartford Insurance Company covering three other vehicles owned by the decedents. Relying on the household exclusion, Hartford denied coverage. Ultimately,

the Pennsylvania Supreme Court upheld the enforcement of the household exclusion on the rationale the decedents had intentionally chosen to underinsure their motor home and were attempting to convert the underinsured provisions of the Hartford policy into additional liability coverage for the motor home.

Shortly thereafter, the Pennsylvania Supreme Court likewise allowed the enforcement of the household exclusion in *Windrim v. Nationwide Insurance Company*, 537 Pa. 129, 641 A.2d 1154 (1994). In *Windrim*, the claimant was driving an uninsured automobile when allegedly struck by an unknown hit-and-run driver. At the time, the claimant lived with his mother and sought uninsured coverage under a Nationwide policy owned by his mother. Nationwide denied the claim applying the household exclusion. This denial was affirmed by the Pennsylvania Supreme Court on the theory that a party cannot intentionally decide not to purchase insurance for a vehicle and then attempt to rely on a family member's uninsured motorist coverage in the event of a claim.

Next, the Pennsylvania Supreme Court decided *Hart v. Nationwide Insurance Company*, 541 Pa. 419, 663 A.2d 682 (1995) again enforcing the household exclusion to deny insurance coverage. In *Hart*, the claimant recovered the policy limits from an intoxicated individual who struck Hart's vehicle. At the time of the accident, Hart was insured but had opted not to purchase uninsured or underinsured motorist coverage. Instead, UIM benefits were sought under a separate policy of insurance issued for a family member. While the trial court and Superior Court held the household exclusion was void as against public policy, the Pennsylvania Supreme Court reversed

in a per curiam order, citing *Windrim v. Nationwide Insurance Company, supra.*

More recently, in *Eichelman v. Nationwide Insurance Company,* 551 Pa. 558, 711 A.2d 1006 (1998), the Pennsylvania Supreme Court allowed enforcement of the household exclusion of underinsured coverage for a claimant who had voluntarily chosen not to purchase underinsured coverage on his own vehicle. Specifically, Eichelman received injuries when his motorcycle collided with a pickup truck. After receiving the policy limits from the truck driver's insurance carrier, Eichelman sought coverage under two insurance policies maintained by his mother and her husband with Nationwide Insurance Company. At the time, Eichelman had opted not to insure his motorcycle for underinsured motorist coverage. The Pennsylvania Supreme Court concluded: "a person who has voluntarily elected not to carry underinsured motorist coverage on his own vehicle is not entitled to recover underinsured motorist benefits from separate insurance policies issued to family members with whom he resides where clear and unambiguous 'household exclusion' language explicitly precludes underinsured motorist coverage for bodily injury suffered while occupying a motor vehicle not insured for underinsured motorist coverage." 551 Pa. at 567, 711 A.2d at 1010.

A different result was reached by the Superior Court in *Burstein v. Prudential Property and Casualty Insurance Company,* 742 A.2d 684 (Pa. Super. 1999). The Bursteins were husband and wife returning from a night out when they were involved in a two-car collision. The Bursteins were in a car provided by Mrs. Burstein's em-

ployer but for which the Bursteins paid $25 per week for personal use. After settling for the liability limits from the tort-feasor's insurance carrier, the Bursteins sought underinsured coverage under Mrs. Burstein's employer's insurance policy. However, the employer's policy did not have underinsured motorist coverage. Thereafter, the Bursteins filed a claim for underinsured benefits under their personal policies which had underinsured motorist coverage. Prudential denied the claim based on the household exclusion. The Superior Court, sitting en banc, weighed the competing public policies and determined the household exclusion was unenforceable under these facts.

Against this appellate background, the question of whether the household exclusion is enforceable is still dependent upon the facts of each case. *Paylor, supra.* In the case at bar, the facts dictate the household exclusion should not be enforced as it would violate the weight of public policy.

The persuasive facts are that Ms. Catalfu has paid for an insurance policy on her Hyundai Excel, including payment for UIM coverage. She collected the full amount of liability coverage from the tort-feasors. Ms. Catalfu had no control over the amount of coverage secured by the tort-feasor. It is not Ms. Catalfu's fault that her damages exceed the tort-feasor's coverage. It is likewise not her fault that her damages may exceed the maximum amount of underinsured benefits under her policy with Nationwide. In addition, Ms. Catalfu is clearly insured as a member of the household under her father's policy with Nationwide, for which a premium was paid for UIM coverage.

Importantly, Ms. Catalfu is not attempting to receive benefits for free. Unlike the claimant in *Windrim, Hart* and *Eichelman*, Ms. Catalfu in fact had purchased insurance for the vehicle she was operating and had paid for UIM coverage. Therefore Ms. Catalfu has contributed to the insurance pool from which she now seeks relief consistent with the intent of the Motor Vehicle Financial Responsibility Law that all owners of registered vehicles share in the burden of insurance before obtaining benefits. *Windrim, supra,* 537 Pa. at 134, 641 A.2d at 1157, quoting *Allen v. Erie Insurance Company*, 369 Pa. Super. 6, 10, 534 A.2d 839, 840-41 (1987).

It is likewise undisputed that Richard Catalfu paid an additional premium for UIM coverage under his policy. Hence this is not a situation where a household purchased one insurance policy with UIM benefits and other policies, at a reduced premium, without UIM benefits. Thus, the concern expressed by the Pennsylvania Supreme Court in *Windrim* does not exist in this case since this is not a situation where the Catalfus are attempting to rely on one policy to provide UIM coverage for the entire household.

Further, this is not a case where Ms. Catalfu is attempting to convert UIM coverage to liability coverage. Ms. Catalfu has followed the hierarchy of coverage as set forth in the Motor Vehicle Financial Responsibility Law by first seeking recovery from the tort-feasor, then recovery under her policy and next recovery under her father's policy. It is only when these underinsured limits have been exhausted, which they have, and her injuries remain, that she sought coverage under the policy of her father. In so doing, Ms. Catalfu has not attempted to convert UIM ben-

efits into liability coverage. In fact, as Ms. Catalfu correctly points out, there is no additional insurance coverage she could have purchased.

This is also not a case where the containment of the "spiraling" costs of insurance is a policy issue. Ms. Catalfu and her father have purchased separate policies. The Catalfus are not uninsured claimants seeking to pass along the costs of an uninsured claim to those who pay for insurance. Instead, the Catalfus are simply asking for benefits for which they have each paid a premium.

As the Pennsylvania Superior Court recognized: "the MVFRL was enacted in order to establish a liberal compensatory scheme of underinsured motorist protection." See *Burstein, supra,* 742 A.2d at 687.

Further, "[I]t is in the public's best interest for insurance companies to provide underinsurance motorist coverage." *Burstein,* 742 A.2d at 687.

By its holding in *Paylor, supra,* obviously the Pennsylvania Supreme Court recognized the existence of a factual scenario in which the household exclusion was void and unenforceable. The facts of the instant case present just such a scenario; indeed this case is a classic example of the need to provide UIM coverage under the Motor Vehicle Financial Responsibility Law.

## CONCLUSION

For the foregoing reasons, the household exclusion is void as against public policy and unenforceable. Therefore the motion for summary judgment filed by Nationwide Insurance Company is hereby denied. The motion for partial summary judgment filed by the defendant is hereby granted.

## ORDER

And now to-wit July 14, 2000, for the reasons set forth in the accompanying opinion, the motion for partial summary judgment filed by the defendant is hereby granted; the cross-motion for summary judgment filed by the plaintiff is hereby denied