PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, Plaintiff,

v.

Charles H. JEFFERSON, Jr., and Charles H. Jefferson, Sr., Defendants.

No. CIV.A. 00–2480.

United States District Court, W.D. Pennsylvania.

Feb. 12, 2002.

Peter B. Skeel, Summers, McDonnell, Walsh & Skeel, Pittsburgh, PA, for Plaintiff.

Mark Neff, Edgar Snyder & Associates, Pittsburgh, PA, for Defendants.

## MEMORANDUM

LANCASTER, District Judge.

The issue before the court is whether defendant, Charles Jefferson, Jr. ("Jefferson"), can collect underinsured motorist benefits from an automobile policy issued by plaintiff, Prudential Property and Casu-

alty Insurance Company, to Mr. Jefferson's father, defendant Charles H. Jefferson, Sr.

Prudential seeks a declaratory judgment that Jefferson is barred from recovery under several of the policy provisions. For the reasons stated below, however, we need only focus on the so-called "household exclusion" provision. In response, defendants contend the household exclusion cannot be enforced because it is void as against public policy. Before the court are the parties' cross-motions for summary judgment. Because the household exclusion precludes defendants' recovery and it is not void as against public policy, plaintiff's motion will be granted and defendants' motion will be denied.

## I. BACKGROUND

The material facts of the case are neither complicated nor in dispute. On March 19, 1999, Jefferson was injured when the 1995 Geo Tracker, which he owned and was operating, was struck by an automobile being driven by Clyde Henry. Mr. Henry was insured under a policy with bodily injury coverage up to $100,000 per person. In due course, Jefferson settled his claim against Mr. Henry for $50,000.

Jefferson then presented a claim for underinsured motorist ("UIM") benefits under his policy with Fireman's Fund, which provided underinsurance coverage in the amount of $25,000 per person. Fireman's Fund paid Jefferson the full amount ($25,000) of the UIM benefits under this policy.

At the time of the accident, Jefferson was living with his father, defendant Charles Jefferson, Sr. Mr. Jefferson, Sr. had an insurance policy with Prudential. The policy provided coverage for his 1991 Buick Skylark and for UIM benefits in the amount of $100,000 per person. After recovering his limits from Fireman's Fund,

Jefferson then presented a claim for UIM benefits to Prudential under his father's policy. Prudential denied the claim contending that the following contractual language excludes coverage for any underinsured claim made by Jefferson:

Other household vehicles:

We will not pay for bodily injury to anyone occupying or struck by a motor vehicle owned by or leased by you or a household resident which is not covered by the policy.

Prudential then filed this declaratory judgment action contending this provision, the household exclusion, denies coverage for Jefferson under his father's policy.

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 56(c) provides that summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. A dispute over those facts that might affect the outcome of the suit under the governing substantive law, i.e. the material facts, however, will preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Similarly, summary judgment is improper so long as the dispute over the material facts is genuine. *Id.* In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reason-

able jury could return a verdict for the non-moving party. *Id.* at 248–49.

## III. *DISCUSSION*

■ Plaintiff has moved for summary judgment on the ground that the household exclusion provision of the insurance policy precludes defendants from recovery in this case. According to defendants, the household exclusion provision is unenforceable because it is contrary to public policy. The court finds that the household exclusion provision is not void as against public policy, and judgment will be entered in favor of plaintiff.

■ The principles that govern the court's interpretation of an insurance contract under Pennsylvania law are well settled. "The goal is to ascertain the intent of the parties as manifested by the language of the written instrument." *Lazovick v. Sun Life Ins. Co. of Am.*, 586 F.Supp. 918, 922 (E.D.Pa.1984). Where the provisions of a policy are ambiguous, the court is to interpret the policy in favor of the insured and against the insurer. *See Pac. Indem. Co. v. Linn,* 766 F.2d 754, 761 (3d Cir.1985). Where the language of a policy is clear and unambiguous, however, the court cannot, under the guise of contract construction, find coverage if to do so would conflict with the clear meaning of the policy. *See City of Harrisburg v. Int'l Surplus Lines Ins. Co.*, 596 F.Supp. 954, 958 (M.D.Pa.1984).

In this case, the interpretation of the relevant insurance policy is not at issue. Defendants do not contest that the household exclusion, if enforced, would bar recovery. Nor do they assert that the provision is ambiguous. The issue is whether this exclusion violates public policy and, therefore, should not be enforced.

■ The broad general principles that govern this issue are well settled. Gener-ally, a clear and unambiguous contract provision must be given its plain meaning unless to do so would be contrary to a clearly expressed public policy. *Antanovich v. Allstate Ins. Co.*, 507 Pa. 68, 488 A.2d 571, 575 (1985). Furthermore, public policy is more than a vague goal which may be used to circumvent the plain meaning of the contract. *Hall v. Amica Mut. Ins. Co.*, 538 Pa. 337, 648 A.2d 755, 760 (1994). It is only when a given policy is so obviously against the public health, safety, morals, or welfare that there is virtually unanimity of opinion in regard to it, that a court may constitute itself as the voice of the community in so declaring that the contract is against public policy. *Mamlin v. Genoe*, 340 Pa. 320, 17 A.2d 407, 409 (1941). Finally, "[p]ublic policy is to be ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interest." *Paylor v. Hartford Ins. Co.*, 536 Pa. 583, 640 A.2d 1234, 1235 (1994) (citation and internal quotation omitted).

■ In addressing the issue of whether the household exclusion, and other similar provisions, should be unenforceable as against public policy, we do not write on a clean slate. Indeed, this issue has been the subject of much litigation in both the Pennsylvania state courts and the federal district courts. And, according to the Pennsylvania Supreme Court, whether the exclusion is to be enforced or voided as against public policy is dependent upon the factual circumstances presented in each case. *Id.* at 1240. Yet, despite this admonition, in each instance that it has addressed the issue, the Pennsylvania Supreme Court has held that the provision did not violate public policy and was enforceable. *See id.; see also Windrim v. Nationwide Ins. Co.*, 537 Pa. 129, 641 A.2d 1154 (1994); *Hart v. Nationwide Ins. Co.*, 541 Pa. 419, 663 A.2d 682 (1995); *Eichel-*

*man v. Nationwide Ins. Co.*, 551 Pa. 558, 711 A.2d 1006 (1998). In light of the Pennsylvania Supreme Court's decisions in *Paylor, Windrim, Hart,* and *Eichelman,* it can hardly be said that such provisions are clearly against public policy.[1]

Nor are we persuaded by defendants' contention that the facts of this case are distinguishable from those Pennsylvania Supreme Court cases. Specifically, Jefferson contends that, in this case, he had insurance and was, at the time of the accident, in compliance with the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. Cons.Stat. Ann. §§ 1701 *et seq.;* whereas, in the other cases, the injured party was not. This same distinction was advanced by Justice Cappy in his dissenting opinion in *Hart.* As stated, however, his was the dissenting opinion; therefore, we can conclude that the majority considered this distinction, but rejected it as nondispositive.

We find that the Pennsylvania Supreme Court's holding, as to the enforcement of a household exclusion provision, in cases where the claimant purchases insufficient UIM coverage would be the same as its holding in cases where the claimant failed to purchase any coverage. That is, we conclude that the Pennsylvania Supreme Court would hold that the household exclusion provision prohibits UIM coverage for

a claimant residing in the insured's household when such claimant has purchased insufficient UIM coverage just as under circumstances where the claimant had purchased no UIM coverage.

We likewise are not persuaded by defendants' reliance on the Pennsylvania Superior Court's decision in *Burstein v. Prudential Property and Casualty Insurance Co.*, 742 A.2d 684 (Pa.Super.Ct.1999). There, the Pennsylvania Superior Court determined, under the facts of that case, that the enforcement of the household exclusion would violate public policy. For several reasons, however, *Burstein* does not guide our decision here. First, *Burstein* was a decision of the Pennsylvania Superior Court, not the Pennsylvania Supreme Court. In addition, the Pennsylvania Supreme Court has granted Prudential's allowance of appeal. Thus, we question whether *Burstein* has any authoritative value.

Moreover, unlike in *Burstein,* this is not a case in which the tortfeasor's coverage was inadequate to cover the insured's loss. Rather, in this case, defendant settled with the tortfeasor, Clyde Henry, for $50,000 even though Mr. Henry had $100,000 in coverage. To permit recovery of UIM benefits against Prudential under the facts of this case would be to allow defendant to effectively convert the UIM in the Pruden-

---

**1.** Moreover, federal courts in this jurisdiction have issued numerous decisions concluding that the Pennsylvania Supreme Court would hold that household exclusion provisions do not clearly violate public policy. *See, e.g., Nationwide Mut. Ins. Co. v. Hampton,* 935 F.2d 578 (3d Cir.1991); *Nationwide Mut. Ins. Co. v. Hays,* No. 99–882, slip op. (W.D.Pa. Jan. 26, 2000), *aff'd,* No. 00–2954, slip op. (3d Cir. Jun. 11, 2001); *Shelby Cas. Ins. Co. v. Statham,* 158 F.Supp.2d 610 (E.D.Pa.2001); *Nationwide Mut. Ins. Co. v. Ridder,* 105 F.Supp.2d 434 (E.D.Pa.2000); *Nationwide Mut. Ins. Co. v. Riley,* No. 99–5141, 2000 WL 694744 (E.D.Pa. May 30, 2000); *Troebs v.*

*Nationwide Ins. Co.,* No. Civ. A. 98–CV–3556, 1999 WL 79555 (E.D.Pa. Jan.20, 1999). The United States Court of Appeals for the Third Circuit affirmed the district court's holding in *Nationwide Mut. Ins. Co. v. Hays* in an "unreported-not precedential" opinion. The court of appeals will designate an opinion as "unreported-not precedential" when such opinion appears to have value only to the parties involved in the case or the trial court. *See* United States Court of Appeals for the Third Circuit, Internal Operating Procedures, January 2000. An "unreported-not precedential" opinion is not binding authority, but may be cited as persuasive authority.

tial policy into additional liability coverage, which the Pennsylvania Supreme Court has expressly said cannot be done. *See Paylor,* 640 A.2d at 1241.

## IV. *CONCLUSION*

For all the above-stated reasons, we grant the motion for summary judgment in favor of plaintiff and against defendants. The appropriate order follows.

### *ORDER*

AND NOW, this 12th day of February, 2002, upon consideration of plaintiff's motion for summary judgment [Document # 4] and defendants' cross-motion for summary judgment [Document # 5], IT IS HEREBY ORDERED that plaintiff's motion is granted and defendants' motion is denied.